**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **TYLER WATTS**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DRT LLC**,<br><br>Defendant. | Civil Action No. 1:25-cv-00013-RGE-HCA |
| **TERRY CLARK**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DRT LLC**,<br><br>Defendant. | Civil Action No. 1:25-cv-00014-SMR-WPK |
| **MARK MOORE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DRT LLC**,<br><br>Defendant. | Civil Action No. 1:25-cv-00016-RGE-HCA |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' UNOPPOSED[1] MOTION TO
CONSOLIDATE RELATED CASES AND APPOINT INTERIM CLASS COUNSEL**

---

[1] Pursuant to Local Civil Rule 7(k), Plaintiffs' Counsel conferred with Counsel for DRT regarding this Motion and Memorandum of Law in Support. DRT does not oppose consolidation and takes no position on the appointment of interim class counsel.

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ....................................................................................................... 1

II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY............................................ 2

III.  THE COURT SHOULD CONSOLIDATE THE ACTIONS.................................................... 3

      A.   The Related Actions Share Common Questions of Law and Fact.................................. 3

      B.   Consolidation Promotes Judicial Economy and Avoids Unnecessary Costs and Delay. 4

IV.   THE COURT SHOULD APPOINT INTERIM CLASS COUNSEL .................................... 5

      A.   Legal Standard. ....................................................................................................... 5

      B.   The Court Should Appoint Ms. Loginov and Ms. Brian as Interim Lead Class Counsel

           Under Rule 23(g). ................................................................................................... 7

      1.   Proposed Interim Class Counsel Have Performed Substantial Work Investigating and

           Litigating the Claims.............................................................................................. 7

      2.   Proposed Interim Class Counsel have Committed, and will Continue to Commit, the

           Resources Necessary to Represent the Class. ............................................................. 12

      3.   Other Factors Support Designating Proposed Interim Class Counsel. ......................... 12

V.    CONCLUSION......................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bendzak v. Midland Nat. Life Ins. Co.*,

    240 F.R.D. 449 (S.D. Iowa 2007) ................................................................. 3

*Bointy v. Integris Health, Inc.*,

    No. CJ-2023-7235 (Dist. Okla. Cty., Okla.) ................................................ 10

*Burge v. Mason Construction, LLC*,

    No. 24-DC-CV-2053 (Dist. Ct. Jefferson Cty. Tex.) .................................... 11

*Cappello v. Franciscan All., Inc.*,

    No. 3:16-CV-290-TLS-MGG, 2017 WL 781609 (N.D. Ind. Feb. 28, 2017) .................................... 7

*Carr v. Oklahoma Student Loan Auth. et al.*,

    No. CIV-23-99-R, 2023 WL 6929853 (W.D. Okla. Oct. 19, 2023) ............................................... 11

*Carr v. Oklahoma Student Loan Auth.et al.*,

    No. CIV-23-99-R, 2023 WL 6929850 (W.D. Okla. Oct. 19, 2023) ............................................... 11

*Clausner v. Am. Multispecialty Grp. Inc.*,

    No. 4:25-CV-00711-SPM, 2025 WL 1923905 (E.D. Mo. July 14, 2025)....................................... 5

*Davila v. New Enchantment Group, LLC*,

    No. 2:23-cv-01098 (D. Ariz.)................................................................. 10, 11

*Devlin v. Transp. Comm's Intl. Union*,

    175 F.3d 121 (2nd Cir. 1999).................................................................. 3

*Duqum v. Scottrade, Inc.*, No. 4:15-cv-1537-SPM,

    2016 WL 1700427 (E.D. Mo. Apr. 28, 2016)............................................ 6

*Ebert, et al. v. PRGX Global, Inc.*,

    No. 1:23-cv-04233 (N.D. Ga.) ............................................................... 11

*Eccleston v. Brown Paindiris & Scott, LLP*,

    No. 3:25-cv-00510 (D. Conn.) .................................................................................. 11

*EEOC v. HBE Corp.*,

    135 F.3d 543 (8th Cir. 1998) ..................................................................................... 3

*EEOC v. Von Maur, Inc.*,

    237 F.R.D. 195 (S.D. Iowa 2006). ............................................................................ 3

*Ekin v. Amazon Servs., LLC*,

    No. C14-0244-JCC, 2014 WL 12028588 (W.D. Wash. May 23, 2014)...................... 6

*Gamboa v. Ford Motor Co.*,

    381 F. Supp. 3d 853 (E.D. Mich. 2019) .................................................................... 6

*Gregerson v. Toshiba America Business Solutions, Inc.*,

    No. 8:24-cv-01201 (C.D. Cal.)................................................................................. 11

*In re Aluminum Phosphide Antitrust Litig.*,

    No. 93-2452, 1994 WL 481847 (D. Kan. May 17, 1994).......................................... 12

*In re Cardiology Associates Data Breach Litig.*,

    No. 02-CV-2025-900139 (Ala. Cir. Ct. 2025) ........................................................... 8

*In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*,

    603 F. Supp. 3d 1183 (S.D. Fla. 2022)..................................................................... 10

*In re Reg'l Care Data Sec. Incident Litig.*,

    No. 4:24CV3236, 2025 WL 675056 (D. Neb. Mar. 3, 2025) ................................ 5, 6

*In re Risas Holdings LLC and Risas Dental Management LLC Data Breach Litig.*,

    No. 2:24-cv-00789 (D. Ariz.)..................................................................................... 8

*In re Sav-Rx Data Breach Litig.*,

    No. 8:24CV204, 2025 WL 1237554 (D. Neb. Apr. 29, 2025)..................................... 4

*In re Stanley Steemer International Data Breach Litig.*,

   No. 2:23-cv-03932 (S.D. Ohio) .......................................................................... 8

*In Re Tycon Medical Systems, Inc., Data Security Breach Litig.*,

   No. 2:25-cv-19 (E.D. Va. 2025) ........................................................................ 8

*In re Wendy's Co. S'holder Derivative Litig.*,

   No. 1:16-cv-1153, 2018 WL 6605394 (S.D. Ohio Dec. 17, 2018) .................. 12

*In re: ABC Legal Services Data Security Litig.*,

   No. 2:24-cv-02092 (D. Wash.) ........................................................................ 11

*In re: Bryan Cave Leighton Paisner, LLP Data Breach Litig.*,

   No. 1:23-cv-04249 (N.D. Ill.) ......................................................................... 11

*In re: Carruth Compliance Consulting, Inc. Data Security Incident*,

   No. 2:25-cv-00119 (D. Ore.) .......................................................................... 11

*In re: Change Healthcare, Inc. Customer Data Security Breach Litig.*,

   No. 0:24-md-03108 (D. Minn.). ...................................................................... 11

*In re: Furniture Mart, USA, Inc. Data Breach Litig.*,

   No. 4:25-cv-04018 (D.S.D.) ........................................................................... 11

*In re: Great Plains Regional Medical Center Data Breach Litig.*,

   No. 5:24-cv-01337 (W.D. Okla.) .................................................................... 11

*Jimenez Jr. v. OE Federal Credit Union*,

   No. 4:24-cv-02746 (N.D. Cal.) ........................................................................ 8

*Johnson v. Manhattan Ry. Co.*,

   289 U.S. 479 (1933) ......................................................................................... 3

*Johnson v. Paycom Payroll, LLC*,

   No. CJ-2023-4763 (Dist. Ct. Okla. Cty.) ....................................................... 11

*Kubiak v. Barbas*, No. 3:11-cv-141,

    2011 WL 2443715 (S.D. Ohio June 14, 2011) ............................................................ 12

*League of United Latin American Citizens v. Abbott*,

    No. EP-21- CV-00259-DCG, 2021 WL 5417402 (W.D. Tex. Nov. 21, 2021) .............................. 4

*Leeb v. Charter Comm'ns, Inc.*,

    No. 4:17CV2780 RLW, 2019 WL 1372587 (E.D. Mo. Apr. 3, 2019) ................................. 6

*M.S. and D.H. v. Med-Data, Inc.*,

    No. 4:22-cv-00187 (S.D. Tex.) ................................................................................. 10

*McDaniel v. Toshiba Global Commerce Solutions, Inc.*,

    No. 8:24-cv-01772 (C.D. Cal.)................................................................................... 11

*Niosi v. Eisner Advisory Grp. LLC*,

    No. 25-CV-1409 (LMP/DTS), 2025 WL 1502938 (D. Minn. May 27, 2025) ................................. 4

*Reynolds v. Cornerstone Nat'l Ins. Co.*,

    No. 22-CV-04140-WJE, 2023 WL 2386765 (W.D. Mo. Mar. 6, 2023).......................................... 4

*Roe v. Arch Coal, Inc.*,

    No. 4:15-cv-910 (CEJ), 2015 WL 6702288 (E.D. Mo. Nov. 2, 2015).......................................... 7

*Sankar v. California Northstate University, LLC*,

    No. 2:24-cv-00473 (E.D. Cal.)................................................................................... 8

*Schultz v. TD Ameritrade, Inc.*,

    No. 8:23CV375, 2023 WL 6621073 (D. Neb. Oct. 11, 2023) ...................................... 4, 6

*Springer v. Johnson and Wales University*,

    No. 1:24-cv-00399 (D.R.I).......................................................................................... 8

*Syzmczak v. Nissan N. Am., Inc.*,

    Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306 (S.D.N.Y. May 15, 2012) ................. 6

*TransUnion LLC v. Ramirez*,

    594 U.S. 413 (2021) ..................................................................................................................... 10

**Other Authorities**

*Guidelines and Best Practices for Large and Mass-Tort MDLs* 28 (2d ed. 2018) ............................. 13

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................................... passim

Fed. R. Civ. P. 42 ........................................................................................................................... 1, 3

**Treatises**

7B Charles Alan Wright et al., *Federal Practice. & Procedure* § 1802.3 (3d ed. 2005). .................... 7

*Manual for Complex Litig.* (4th ed. 2004) ........................................................................................ 7

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 42(a), Plaintiffs Tyler Watts, Terry Clark, and Mark Moore (collectively, "Plaintiffs") respectfully move for an order consolidating their related putative class action lawsuits (the "Related Actions") currently pending in the Southern District of Iowa Western Division: (i) *Watts v. DRT LLC*, No. 1:25-cv-00013-RGE-HCA ("*Watts*"); (ii) *Clark v. DRT LLC*, No. 1:25-cv-00014-SMR-WPK ("*Clark*"); (iii) *Moore v. DRT LLC*, No. 1:25-cv-00016-RGE-HCA.

The Related Actions arise from the same alleged data breach (the "Data Breach") involving Defendant DRT LLC ("DRT" or "Defendant"). Critically, the Related Actions have similar claims regarding the Data Breach and assert similar injuries for Plaintiffs and Class Members. The Related Actions are all the known cases filed in this District arising out of the Data Breach. Given the substantial similarities between the Related Actions, consolidating the above-captioned cases at this early stage is in the best interest of the Parties, Class Members, and the Court. *See* Fed. R. Civ. P. 42(a).

Moreover, Plaintiffs request that the Court appoint Leanna A. Loginov of Shamis & Gentile, P.A. and Kennedy M. Brian of Federman & Sherwood (collectively, "Proposed Interim Class Counsel") to serve as Interim Co-Lead Counsel pursuant to Rule 23(g) to guide this litigation for the Plaintiffs and putative Class Members. Ms. Loginov and Ms. Brian are recognized leaders in data breach litigation and have litigated dozens of data breach and privacy class actions. Moreover, their firms have the resources necessary to prosecute and take this complex data breach class action to trial. Proposed Interim Class Counsel have been intimately involved in investigating, prosecuting, and coordinating this litigation, including the preparation and filing of this Motion. Appointment of Interim Class Counsel at this early juncture will facilitate coordinated prosecution of the Related Actions and the possibility of early potential resolution, thereby conserving judicial resources. Thus, their appointment will best serve the Class.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to DRT, on or about May 29, 2025, an unauthorized threat actor unlawfully accessed several DRT owned email accounts. (*Watts* Compl., ¶ 4, ECF No. 1).[2] After discovering the Data Breach, DRT discovered emails containing personally identifiable information ("PII") may have been accessed or acquired on June 11, 2025. (*Id.* ¶ 5). The types of PII accessed and/or acquired Data Breach included highly sensitive information such as names, demographic information (such as address, city, state, and zip code), and Social Security numbers (collectively, "Private Information"). (*Id.* ¶ 7). Upon information and belief, the Data Breach exposed the Private Information of approximately 14,470 individuals (*i.e.*, the "Class"). (*Id.* ¶ 1).

On July 18, 2025, Plaintiff Tyler Watts filed the first class action complaint arising from the Data Breach, bringing claims for negligence, negligence *per se*, breach of third-party beneficiary contract, unjust enrichment, and declaratory judgment and injunctive relief. On July 21, 2025, Plaintiff Terry Clark filed the second class action complaint concerning the Data Breach and brought claims for negligence, negligence *per se*, unjust enrichment, invasion of privacy, breach of fiduciary duty, breach of third-party beneficiary contract, and declaratory judgment. "). (*See* Case No. 1:25-cv-00014-SMR-WPK, ECF No. 1). On July 24, 2025, Plaintiff Mark Moore filed the third class action complaint related to the Data Breach, asserting claims for negligence, breach of implied contract, negligence *per se*, breach of fiduciary duty, and unjust enrichment. (*See* Case No. 1:25-cv-00016-RGE-HCA).

Now, with multiple cases on file against DRT, and the inevitable likelihood that more related cases will be filed, Plaintiffs seek consolidation of the Related Actions (and any future filed actions stemming from the Data Breach), and the appointment of Proposed Interim Class Counsel to ensure efficient prosecution of these matters.

---

[2] All citations to "Watts Compl." refer to the complaint filed in the *Watts* Action at ECF No. 1.

### III.   THE COURT SHOULD CONSOLIDATE THE ACTIONS

Fed. R. Civ. P. 42(a) allows for case consolidation "[w]hen actions involving a common question of law or fact are pending before the court" and "to avoid unnecessary costs or delay."

> Consolidation has historically been 'a matter of convenience and economy in administration,' *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933), and has as its purposes the avoidance of unnecessary cost or delay. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). Consolidation is inappropriate if it leads in the opposite direction, 'to inefficiency, inconvenience or unfair prejudice to a party.' *Id.* at 551.

*EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 197 (S.D. Iowa 2006).

Rule 42(2) "should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Bendzak v. Midland Nat. Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (quoting *Devlin v. Transp. Comm's Intl. Union*, 175 F.3d 121, 130 (2nd Cir. 1999)). The touchstone of whether consolidation should be granted begins with a determination that the actions share common issues of law and fact. *Id.* at 450–51 (consolidating putative class actions because they asserted "essentially identical or overlapping claims and involve[d] common issues of law and fact" against the same defendant). Whether to consolidate actions is vested in the court's discretion. *Von Maur*, 237 F.R.D. at 197.

### A. The Related Actions Share Common Questions of Law and Fact.

Consolidation of the Related Actions is proper because, for the purposes of consolidation, the Related Actions indisputably share "common questions of law or fact" and consolidation will serve judicial convenience and reduce cost and delay. The Related Actions arise from the same Data Breach, are all pled as class actions against DRT, and involve substantially overlapping factual allegations and causes of action.

For purposes of consolidation, Plaintiffs contend that these common questions of fact and law in the Related Actions include, *inter alia*: (i) whether and to what extent Defendant owed Plaintiffs and Class Members a duty of care; (ii) whether Defendant breached its duty of care to Plaintiffs and

Class Members when it allegedly failed to implement reasonable data security measures and train staff appropriately; (iii) whether Defendant's failures allowed cybercriminals to gain unauthorized access to DRT's data systems and steal the Private Information of Plaintiffs and Class Members; (iv) whether Plaintiffs and Class Members were harmed by Defendant's conduct related to the Breach; (v) whether Defendant's actions constitute an invasion of privacy; and (vi) whether Defendant was unjustly enriched by saving the costs it reasonably should have expended on data security measures. For purposes of consolidation, Plaintiffs contend that these common questions of fact and law predominate and favor consolidation. Courts consistently find that data breach class actions are appropriate for consolidation. *See, e.g.*, *Schultz v. TD Ameritrade, Inc.*, No. 8:23CV375, 2023 WL 6621073, at *1 (D. Neb. Oct. 11, 2023) (consolidating cases where the plaintiffs' claims arose out of the same data breach, contained overlapping causes of action, and sought to represent the same class of individuals); *In re Sav-Rx Data Breach Litig.*, No. 8:24CV204, 2025 WL 1237554, at *3 (D. Neb. Apr. 29, 2025) (consolidating data breach cases where the cases arose from the same data breach); *Reynolds v. Cornerstone Nat'l Ins. Co.*, No. 22-CV-04140-WJE, 2023 WL 2386765, at *1 (W.D. Mo. Mar. 6, 2023) (consolidating cases because they involved the same defendant, overlapping legal issues, and the underlying factual allegations stemmed from the same alleged data breach); *Niosi v. Eisner Advisory Grp. LLC*, No. 25-CV-1409 (LMP/DTS), 2025 WL 1502938, at *1 (D. Minn. May 27, 2025) (same).

**B. Consolidation Promotes Judicial Economy and Avoids Unnecessary Costs and** Delay.

In determining whether to consolidate cases, courts typically evaluate the burden on parties, witnesses, and judicial resources and the risk of inconsistent adjudications of common factual and legal issues were the lawsuits to be tried separately. *See League of United Latin American Citizens v. Abbott*, No. EP-21-CV-00259-DCG, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 21, 2021) (consolidating cases upon finding: "that the cases share common defendants; that the cases share

4

common questions of law and fact; that consolidation will conserve judicial resources and best serve

the interests of all parties and witnesses; and that the cases are at similar stages of litigation."). Here,

the Related Actions are in the initial stages of litigation, and consolidation will reduce delay,

confusion, and duplication of discovery, motion practice, and depositions. Plaintiffs' counsel

anticipate that the Related Actions will involve substantially the same discovery. Thus, consolidating

the Related Actions will eliminate duplicative judicial work, streamline motion practice, prevent

duplicative written discovery and depositions, and avoid conflicting outcomes. *See In re Reg'l Care

Data Sec. Incident Litig.*, No. 4:24CV3236, 2025 WL 675056, at *1 (D. Neb. Mar. 3, 2025)

(consolidating data breach cases where consolidation would promote judicial efficiency, conserve the

parties' and court's resources, and avoid duplicative discovery and court rulings).

To ensure continued judicial efficiency, Plaintiffs in each of the Related Actions also jointly

and respectfully request that the Court order that any future actions that are filed, removed, or

transferred to this Court and are based on the same or similar facts and circumstances be consolidated

in the proposed master action: *In re: DRT LLC Data Security Litigation*, Case No. 1:25-cv-00013. *See,

e.g.*, *Clausner v. Am. Multispecialty Grp. Inc.*, No. 4:25-CV-00711-SPM, 2025 WL 1923905, at *2

(E.D. Mo. July 14, 2025) ("The actions arise from the same incident, involve similar alleged injuries,

and assert several of the same causes of action. The actions are all at the same stage of litigation, and

they will likely involve very similar discovery, defenses, and dispositive motions. The Court finds that

consolidation will promote efficiency, convenience, and judicial economy.").

## IV.    THE COURT SHOULD APPOINT INTERIM CLASS COUNSEL

### A. Legal Standard.

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to

act on behalf of putative class members before determining whether to certify the action as a class

action." Fed. R. Civ. P. 23(g)(3). Early appointment of interim class counsel is warranted when there

are competing "copycat" filings or the risk of such filings. *See Schultz*, 2023 WL 6621073, at *2 ("Given the relatively recent notification of thousands of affected individuals, it is reasonable to assume more lawsuits with similar or identical claims arising out of the same data breach could be forthcoming."); *In re Reg'l Care Data Sec. Incident Litig.*, 2025 WL 675056, at *2 (same). Multiple identical or similar actions prevent efficient prosecution of claims and cause disjointed legal strategy and prejudice to both defendants, plaintiffs, and putative class members. *See Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019) ("Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions."); *Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 WL 12028588, at *3 (W.D. Wash. May 23, 2014) ("designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.") (citation omitted)).

Rule 23(g) contemplates early appointment of class counsel, even where there are no competing applications. *See Duqum v. Scottrade, Inc.*, No. 4:15-cv-1537-SPM, 2016 WL 1700427, at *1 (E.D. Mo. Apr. 28, 2016); *see also In re Reg'l Care Data Sec. Incident Litig.*, 2025 WL 675056, at *2. Indeed, the Advisory Committee Notes to Rule 23(g)(2)(A) explain that the rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." Designating class counsel now ensures the protection of the interests of the Class in making and responding to motions, conducting discovery, and negotiating possible settlements. *See Leeb v. Charter Comm'ns, Inc.*, No. 4:17CV2780 RLW, 2019 WL 1372587, at *1 (E.D. Mo. Apr. 3, 2019); *Syzmczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citation omitted).

Determining the appointment of interim class counsel requires the court to consider counsel's: (i) work in identifying and investigating potential claims; (ii) experience in handling class action and

6

complex litigation and the types of claims asserted in the action; (iii) knowledge of the applicable law; and (iv) available resources. *Roe v. Arch Coal, Inc.*, No. 4:15-cv-910 (CEJ), 2015 WL 6702288, at \*2 (E.D. Mo. Nov. 2, 2015) (citing Fed. R. Civ. P. 23(g)(1)(A)). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (citing Fed. R. Civ. P. 23(g)(1)(B)). The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig.* § 10.22 (4th ed. 2004). The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at \*3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)–(B); 7B Charles Alan Wright et al., *Federal Practice. & Procedure* § 1802.3 (3d ed. 2005).

**B. The Court Should Appoint Ms. Loginov and Ms. Brian as Interim Lead Class Counsel Under Rule 23(g).**

As Plaintiffs demonstrate below, Proposed Interim Class Counsel satisfy all requirements for appointment by the Court.

**1. *Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims.***

Proposed Interim Class Counsel have been diligent in investigating and advancing this litigation. Counsels' investigations prior to filing the Related Actions included, without limitation, analyzing the circumstances surrounding the Data Breach, interviewing individuals injured by the Data Breach, researching potential legal claims, drafting initial pleadings and statutory notices, and organizing Plaintiffs and counsel to self-consolidate the actions and move the litigation forward. Indeed, Proposed Interim Class Counsel worked to quickly organize and avoid any delay that could

be caused by a leadership dispute to address the merits of the case as expeditiously as possible. Proposed Interim Class Counsel's efforts at self-organization were successful, as evidenced by this Motion. Going forward, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Fed. R. Civ. P. 23(g)(3).

### i. Proposed Interim Class Counsel Have Significant Relevant Experience.

Proposed Interim Class Counsel are well-qualified to lead this case because they have a track record of successfully litigating and resolving consumer class actions, particularly data breach class actions. The qualifications and experience of Proposed Interim Class counsel are set forth below.

### Leanna A. Loginov of Shamis & Gentile, P.A. [3]

Leanna A. Loginov is a Partner at Shamis & Gentile, P.A., where she concentrates her practice in the firm's data privacy and consumer protection litigation groups. Ms. Loginov has extensive experience in the realm of data privacy litigation, including actively litigating dozens of data breach class actions throughout the country. *See e.g.*, *In re Cardiology Associates Data Breach Litig.*, No. 02-CV-2025-900139 (Ala. Cir. Ct. 2025) (appointed interim co-lead class counsel); *In Re Tycon Medical Systems, Inc., Data Security Breach Litig.*, No. 2:25-cv-19 (E.D. Va. 2025) (appointed interim co-lead counsel); *In re Stanley Steemer International Data Breach Litig.*, No. 2:23-cv-03932 (S.D. Ohio); *Sankar v. California Northstate University, LLC*, No. 2:24-cv-00473 (E.D. Cal.); *In re Risas Holdings LLC and Risas Dental Management LLC Data Breach Litig.*, No. 2:24-cv-00789 (D. Ariz.); *Jimenez Jr. v. OE Federal Credit Union*, No. 4:24-cv-02746 (N.D. Cal.); *Springer v. Johnson and Wales University*, No. 1:24-cv-00399 (D.R.I).

---

[3] *See* Shamis & Gentile, P.A.'s firm résumé (attached hereto as **Exhibit 1)** for additional information.

In connection with litigating class cases in state and federal courts nationwide, Ms. Loginov has made it a point to become a permanent member of numerous bars to effectively represent those communities. Ms. Loginov is permanently admitted to practice law in the states of New York and New Jersey, as well as the U.S. District Courts for the Eastern, Northern and Southern Districts of New York, District of New Jersey, Northern and Central Districts of Illinois, and the Northern and Eastern Districts of Texas.

Beyond her personal expertise, Ms. Loginov brings the extensive experience of her firm, Shamis & Gentile. Shamis & Gentile is a well-established and successful law firm that can and will provide the resources and personnel necessary to pursue a case of this magnitude, a fact they have demonstrated in previous data breach class actions. Shamis & Gentile has filed and successfully litigated thousands of banking, insurance, data privacy, deceptive and unfair trade practice and product liability class action cases, often through contested class certification and even until trial. As a result, Shamis & Gentile has successfully recovered over 1 billion dollars for consumers nationwide. The firm's resources are not merely financial but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative class(s).

Shamis & Gentile understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Ms. Loginov has already demonstrated her commitment to this litigation by devoting substantial resources to prosecuting this action. Ms. Loginov has worked on numerous actions with proposed interim class counsel involved in the proposed consolidated action and is certain she will continue to successfully work with them on this case.

### Kennedy M. Brian of Federman & Sherwood[4]

Since 2007, Federman & Sherwood has been a trail blazer in the data privacy litigation sector,

---

[4] *See* Federman & Sherwood's firm résumé (attached hereto as **Exhibit 2**) for additional information.

obtaining millions of dollars of relief for data breach victims. Federman & Sherwood has been instrumental in obtaining precedent setting decisions that are often relied upon by courts and counsel throughout the nation. *See e.g.*, *Bointy v. Integris Health, Inc.*, No. CJ-2023-7235 (Dist. Okla. Cty., Okla.) (largest data breach settlement obtained in Oklahoma—$30 million) (pending final approval); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183 (S.D. Fla. 2022) (one of the first decisions to favorably address Article III standing for data breach plaintiffs after *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)); *see also M.S. and D.H. v. Med-Data, Inc.*, No. 4:22-cv-00187 (S.D. Tex.) (prosecuting case through the class certification briefing until a sizable per person recovery was achieved for the class).

Ms. Brian is one of Federman & Sherwood's experienced data privacy litigation attorneys and has successfully worked on over seventy (70) data privacy cases in federal courts, state courts, and multidistrict litigation ("MDL") throughout the United States. Ms. Brian is recognized as a knowledgeable attorney in the data privacy litigation sector and was a panelist at the HarrisMartin Data Breach Litigation Conference in Nashville, Tennessee in September 2024. At the conference, Ms. Brian shared her knowledge of Article III standing in data privacy cases with many seasoned practitioners. In July 2025, Ms. Brian was a speaker at the American Association for Justice's convention in San Francisco, California and presented on data breach class certification orders.

Ms. Brian brings to the table ample experience working on the front line of many data breach cases at various stages of litigation. Ms. Brian's experience includes briefing motions for class certification, motions to intervene, motions opposing summary judgment, appeals, motions for settlement approval, and large complex consolidated complaints, as well as handling discovery disputes. Ms. Brian also has a successful track record opposing motions to dismiss in the data privacy context. *See, e.g.*, *Davila v. New Enchantment Group, LLC*, No. 2:23-cv-01098, ECF No. 23 (D. Ariz.) (denying motion to dismiss in its entirety); *Carr v. Oklahoma Student Loan Auth.et al.*, No. CIV-23-

99-R, 2023 WL 6929850 (W.D. Okla. Oct. 19, 2023) (one of two decisions) (Ms. Brian helped establish Oklahoma data breach jurisprudence by drafting the first successful response to a Rule 12(b)(6) motion to dismiss in the Western District of Oklahoma); *Carr v. Oklahoma Student Loan Auth. et al.*, No. CIV-23-99-R, 2023 WL 6929853 (W.D. Okla. Oct. 19, 2023) (same); *In re: Bryan Cave Leighton Paisner, LLP Data Breach Litig.*, No. 1:23-cv-04249, ECF No. 45 (N.D. Ill.) (surviving motion to dismiss on both Rule 12(b)(1) and 12(b)(6) grounds).

Currently, Ms. Brian is serving on the Patient Track Plaintiff Steering Committee in a data privacy MDL involving millions of people—*In re: Change Healthcare, Inc. Customer Data Security Breach Litig.*, No. 0:24-md-03108 (D. Minn.). Ms. Brian is also currently serving as interim co-lead counsel in other data privacy cases similar to this. *See, e.g.*, *Burge v. Mason Construction, LLC*, No. 24-DC-CV-2053 (Dist. Ct. Jefferson Cty. Tex.); *In re: ABC Legal Services Data Security Litig.*, No. 2:24-cv-02092 (D. Wash.); *In re: Great Plains Regional Medical Center Data Breach Litig.*, No. 5:24-cv-01337 (W.D. Okla.); *In re: Furniture Mart, USA, Inc. Data Breach Litig.*, No. 4:25-cv-04018 (D.S.D.); *In re: Carruth Compliance Consulting, Inc. Data Security Incident*, No. 2:25-cv-00119 (D. Ore.); *Eccleston v. Brown Paindiris & Scott, LLP*, No. 3:25-cv-00510 (D. Conn.). Furthermore, Ms. Brian is currently serving or has recently served as settlement class counsel in several data privacy matters. *See, e.g.*, *Ebert, et al. v. PRGX Global, Inc.*, No. 1:23-cv-04233 (N.D. Ga.); *Johnson v. Paycom Payroll, LLC*, No. CJ-2023-4763 (Dist. Ct. Okla. Cty.); *Davila v. New Enchantment Group, LLC*, No. 2:23-cv-01098 (D. Ariz.); *McDaniel v. Toshiba Global Commerce Solutions, Inc.*, No. 8:24-cv-01772 (C.D. Cal.) (pending final approval); *Gregerson v. Toshiba America Business Solutions, Inc.*, No. 8:24-cv-01201 (C.D. Cal.) (pending final approval).

Not only does Ms. Brian and Federman & Sherwood possess the requisite skill, knowledge, and experience, but Federman & Sherwood also has adequate financial resources to support the litigation. Due to its success as a prominent class action law firm, Federman & Sherwood has assisted

in numerous cases, funding litigation expenses in excess of $1 million. Federman & Sherwood has both the financial resources and the staff to assist in resolving this case and does not use or rely upon third-party funding sources. Additional information regarding Ms. Brian and Federman & Sherwood is detailed in the Federman & Sherwood Firm Résumé, attached hereto as **Exhibit 2**.

### 2. *Proposed Interim Class Counsel have Committed, and will Continue to Commit, the Resources Necessary to Represent the Class.*

A court appointing interim lead counsel should also consider the resources that counsel will commit to representing the putative classes. Fed. R. Civ. P. 23(g)(1)(C). Proposed Interim Co-Lead Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each firm understands the time, energy, and skill necessary to lead this litigation and all will commit the resources required to ensure the effective and efficient representation of the Class Members. And, as their firm resumes and counsels' experience indicate, Proposed Interim Class Counsel have the resources and willingness to see this litigation through to its conclusion, including trial.

### 3. *Other Factors Support Designating Proposed Interim Class Counsel.*

The proposed leadership structure has the support of all Plaintiffs in the Related Actions. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at **5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011)) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel."). A leadership slate should also "responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and background." Bolch Judicial Institute, Duke Law

School, *Guidelines and Best Practices for Large and Mass- Tort MDLs* 28 (2d ed. 2018) ("Duke Guidelines"), available at https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-201For-Posting-pdf. The proposed leadership team brings a diverse set of experiences and skills, and their success in self-organizing and securing each other's support demonstrates their suitability for leadership roles. The proposed leadership team will also work well as a team, with opposing counsel, and with the Court. Here, the proposed leadership have developed working relationships, have complimentary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id*.

Further, Proposed Interim Class Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Proposed Interim Class Counsel understand that they will be required to make contributions to fund the litigation, and they will not accept any third-party funding to do so. While Proposed Interim Class Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. To this end, Proposed Interim Class Counsel have already discussed how best to organize to effectively use their diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing.

## V.     CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order:

    1)    Consolidating the Related Actions under the master case caption *In re: DRT LLC Data Security Litigation*, No. 1:25-cv-00013-RGE-HCA;

    2)    Consolidating any future-filed, transferred, or removed case that arises out of the same subject matter as the Related Actions;

    3)    Appointing Leanna A. Loginov of Shamis & Gentile, P.A. and Kennedy M. Brian

of Federman & Sherwood as Interim Lead Class Counsel pursuant to Federal Rule

of Civil Procedure 23(g)(3);

4)    Setting a deadline of **30 days** following the entry of an order appointing Interim Co-

Lead Class Counsel for the filing of a Consolidated Class Action Complaint; and

5)    Striking all pending deadlines in each of the Related Actions and staying each of

the Related Actions, including any Defendant's responsive pleading deadlines.


DATED:  August 7, 2025                          Respectfully submitted,

                                                */s/ J. Barton Goplerud*
                                                J. Barton Goplerud, AT0002983
                                                Brian O. Marty, AT0011622
                                                **SHINDLER ANDERSON GOPLERUD &**
                                                **WEESE P.C.**
                                                5015 Grand Ridge Drive, Suite 100
                                                West Des Moines, Iowa 50265-5749
                                                Telephone: (515) 223-4567
                                                Facsimile: (515) 223-8887
                                                Email: goplerud@sagwlaw.com


                                                Leanna A. Loginov
                                                (*pro hac vice* forthcoming)
                                                **SHAMIS AND GENTILE PA**
                                                14 N.E. 1st Ave Suite 705
                                                Miami, FL 33132
                                                T: 305-479-2299
                                                F: 786-623-0915
                                                E: lloginov@shamisgentile.com

                                                Kennedy M. Brian
                                                (*pro hac vice* forthcoming)
                                                William B. Federman
                                                (*pro hac vice* forthcoming)
                                                **FEDERMAN & SHERWOOD**
                                                10205 N. Pennsylvania Ave.
                                                Oklahoma City, OK 73120
                                                T: (405) 235-1560
                                                F: (405) 239-2112
                                                E: wbf@federmanlaw.com
                                                E: kpb@federmanlaw.com

Leigh S. Montgomery
(*pro hac vice* forthcoming)
E: lmontgomery@eksm.com
Service only: service@eksm.com
**EKSM, LLP**
4200 Montrose Blvd. Ste 200
Houston, Texas 77006
Phone: (888) 350-3931

**Counsel for Plaintiffs and the Putative Class**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 7, 2025, the foregoing was filed electronically with the Clerk of Court using the CM/ECF System and was thereby served on all counsel of record.

*/s/ J. Barton Goplerud*
J. Barton Goplerud, AT0002983