IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| IN RE: DRT LLC DATA SECURITY LITIGATION | Case No.: 1:25-cv-00013-RGE-HCA |

### DECLARATION OF MARISA DEMARE

I, Marisa DeMare, declare and state as follows:

1. I am the Human Resources Manager for Defendant DRT LLC ("DRT"). I have held this position since August 2024. Prior to this role, I was a Human Resources Representative with DRT since August 2022. DRT provides shared services, including human resources, to operating entities such as 10 Roads Express, LLC ("10 Roads"). As Human Resources Manager, I am familiar with, and have reviewed, prepared, and approved various employment records of 10 Roads during that time. This includes contracts entered into with its employees, such as arbitration agreements.

2. I am over twenty-one (21) years of age and competent to testify to the matters contained herein. This Declaration is based upon my own personal knowledge and review of 10 Roads records and is submitted in support of Defendants' Motion to Compel Arbitration.

3. Tyler Watts was an employee of 10 Roads between August 14, 2024, and May 5, 2025. On or about August 8, 2024, Watts and 10 Roads entered into an "Arbitration Agreement." A true and correct copy of the Watts Arbitration Agreement is attached hereto as **Exhibit A.**

4. Mark Moore was an employee of 10 Roads between November 18, 2024, and February 4, 2025. On or about November 8, 2024, Moore and 10 Roads entered into an "Arbitration

Agreement." A true and correct copy of the Moore Arbitration Agreement is attached hereto as **Exhibit B.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 17 day of November, 2025

*Marisa DeMare*
Marisa DeMare

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of November, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

J. Barton Goplerud – goplerud@sagwlaw.com
Brian O. Marty – marty@sagwlaw.com
Leanna A. Loginov – lloginov@shamisgentile.com
William B. Federman – wbf@federmanlaw.com
Leigh S. Montgomery – lmontgomery@eksm.com
Jessica A. Wilkes – jaw@federmanlaw.com

/s/ Adam J. Kost

**EXHIBIT A**

## ARBITRATION AGREEMENT

In consideration of my employment with 10 ROADS Express, LLC (referred to as "Company"), and my receipt of compensation now and hereafter paid to me by Company, I, the Company Employee/Applicant, who signs this Arbitration Agreement ("Agreement") below (referred to as "I" or "me"), agree to the following:

**1.   Recitals.**

1.1   While I am employed by Company, or thereafter, or during any pre-hire processes, disputes may arise between Company and me, related to my employment, application for employment, or other matters that may arise after conclusion of my employment. By entering into this Agreement, both Company and I anticipate we will benefit by resolving these disputes through a fair and impartial procedure that is, in most cases, faster and less expensive than civil litigation.

1.2   References to "Company" in this Agreement include the company listed in the first paragraph of this Agreement and all its direct, or indirect, subsidiaries, affiliates, and parent companies, together with all benefit plans of Company and the sponsors, fiduciaries and administrators of such benefit plans.

**2.   Claims Covered by This Agreement.**

2.1   Except as described in 2.2 below, this Agreement applies to all disputes between Company and me, all claims Company may have against me, and all claims I may have against Company, or any of its officers, directors, employees or agents, arising out of my employment with Company, or after it has ended, or during any pre-employment processes in which I may participate (referred to as "Claim(s)"). Claims covered by this Agreement include, but are not limited to, the following: Claims for breach of express or implied contract or covenant; breach of fiduciary duty; misappropriation of trade secrets; Claims for the commission of any intentional or negligent tort; Claims for any violation of any federal, state or local law, ordinance, regulation or rule; Claims for wages, benefits or other compensation due; Claims for wrongful termination, demotion or disciplinary action; and Claims of discrimination or harassment for any reason.

2.2   This Agreement does not apply to the following Claims: Claims for worker's compensation or unemployment compensation benefits; Claims or charges before any administrative agency having jurisdiction there over, if private dispute resolution procedures cannot lawfully be compelled as to such Claims, such as a petition or charge that could be brought before the National Labor Relations Board; Claims for benefits under a plan that specifies a claim procedure inconsistent with this Agreement; or any other claim that is not subject to arbitration under state or federal law.

**3.   Resolution of Claims: Exclusive Method**. All Claims must be resolved according to the procedures in this Agreement, and in no other manner. Neither Company, nor I, will file or prosecute any lawsuit, except as expressly permitted by this Agreement. Either Company or I may bring an action in any court of competent jurisdiction, as defined in Sections 4 and 15 herein, to compel arbitration under this Agreement. The parties agree that, except where prohibited by federal or state law, all Claims subject to this Agreement must be pursued on an individual basis only. By entering this Agreement, the parties waive their right to

commence, or be a party to, any class, collective, representative, or private attorney general action, or to bring any Claim jointly or collectively, and the arbitrator has no authority to proceed with arbitration on such a basis. Any disputes concerning the validity of this multi-plaintiff, class, collective and representative action waiver will be decided by a court of competent jurisdiction, as defined in Sections 4 and 15 herein, not by the arbitrator. In the event a court determines this waiver is unenforceable with respect to any claim, then this waiver shall not apply to that claim. That specific Claim must be filed in a court of competent jurisdiction, as defined in Sections 4 and 15 herein, and such court shall be the exclusive forum for that claim. In addition, nothing herein limits my right, and the rights of others collectively to challenge the enforceability of this agreement, including the class/collective action waiver.

I have read and understand the provisions set forth in this Section:

Tw
_____ Employee/Applicant          *JA* _____ Company

4. **Jurisdiction and Venue.** In the event either of the parties bring an action in a court to compel arbitration under this Agreement, or to otherwise challenge any provision of this Agreement, such action(s) shall be brought only in the state court, in the court location nearest my home or where the injury giving rise to the Claim(s) upon which arbitration is sought occurred. In addition, I hereby consent to the exclusive jurisdiction and venue of the state court specifically sitting in the city nearest my home or where the injury giving rise to the Claim(s) upon which arbitration is sought occurred.

5. **Rights under the National Labor Relations Act ("NLRA")**. I understand this Agreement is not intended to interfere with my rights to collectively bargain or to exercise other rights protected under the NLRA.

6. **Internal Complaint Procedure**. I understand that, before commencing arbitration under this Agreement, I may attempt to resolve a Claim through the Company's internal complaint procedures that are in place at the time my Claim arises.

7. **Arbitration**. Claims must be resolved through final and binding arbitration conducted with the American Arbitration Association ("AAA") at an AAA facility, within a reasonable distance of the Company office nearest my home or where the injury giving rise to the Claim(s) occurred. The arbitration shall be administered in conformity with the then existing Employment Arbitration Rules and Mediation Procedures of the AAA, which may be found at www.adr.org/employment.

8. **Arbitration Procedures.**

8.1   Any demand for arbitration by either Company or I shall be served and filed within the statute of limitations applicable to the Claim(s) upon which arbitration is sought or required. Any failure to demand arbitration within this timeframe, and according to these rules shall constitute a waiver of all rights to raise any claims in any forum, arising out of any dispute that was subject to arbitration to the same extent such claims would be barred if the matter proceeded in court (along with the same defenses to such Claims). Thereafter, each party is expected to respond within thirty (30) calendar days to each communication regarding the selection of an arbitrator and the scheduling of a hearing.

        Either party may, in conjunction with the initiation of any arbitration proceeding or motion to compel arbitration, seek provisional relief from any court of competent jurisdiction, as defined in Sections 4 and 15 herein, consistent with applicable federal or state law. Such provisional relief shall be available only to preserve the status quo and to avoid irreparable injury pending appointment of the arbitrator. Thereafter, following appointment of the arbitrator, all matters, including the issuance of further provisional and/or injunctive relief, shall be within the jurisdiction of the mutually-selected, neutral arbitrator.

8.2        The parties shall select a mutually-agreeable, neutral arbitrator (who shall be a retired judge). If the parties are not able to agree on a neutral arbitrator, Company and I will obtain a list of employment arbitrators (who shall be retired judges) from AAA, and the parties will take turns striking names from the list of arbitrators. I will strike the first name, then Company, until only one name remains. The last remaining person shall be the arbitrator. The arbitrator mutually chosen by the parties shall be asked to disclose any conflicts of interest pertaining to the specific Claim(s) under dispute. In the event the arbitrator has an interest in the potential outcome of the dispute, the parties shall either mutually agree to continue with the arbitrator selected or choose an alternate arbitrator that is mutually acceptable to both parties.

8.3        The parties agree that the arbitrator shall be bound by the law applicable to the Claim(s) asserted by either party and/or any defenses thereto and shall have jurisdiction to award all relief available in law or equity that is requested by the parties and supported by credible, relevant and admissible evidence.

8.4        Each party may conduct discovery to the full extent as would be allowed in civil litigation in court in accordance with the Federal Rules of Civil Procedure, subject only to limitation by the arbitrator upon motion of the other party on the ground that limitation of such discovery is necessary to protect the party from waiver of privilege, unwarranted annoyance, embarrassment, oppression, or undue burden or expense.

8.5        The arbitrator shall issue a written decision that will reveal the essential findings and conclusions upon which the award is based. The decision of the arbitrator shall be final, conclusive and binding on the parties. It is the intention of both me and the Company that the arbitrator's decision or any resulting agreement or award shall be admissible as evidence and enforceable in any court having jurisdiction. Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The arbitrator's award shall be subject to correction, confirmation, or vacation, only as provided by applicable law governing judicial review of arbitration awards.

9.        **Legal Representation.** In any arbitration proceeding under this Agreement, both Company and I may be represented by legal counsel of our own choosing. Each of us will be responsible for the fees of our own counsel, provided that an arbitrator may award attorneys' fees to the prevailing party under any applicable statute or written agreement to the same extent attorneys' fees could be awarded in litigation.

10.       **Request to Opt-Out.** I understand I may opt-out of this Agreement by providing a written request to rescind to the Company within thirty (30) days of signing this Agreement. Such request must be sent by certified mail to the following address: Attn: Human Resources, 200 Owen Parkway Cir, Carter Lake, IA 51510.

11. **No Employment Contract.** This Agreement is not, and does not create, any contract of employment, express or implied. I acknowledge that, if I am employed by Company, my employment shall be "at-will," that is, Company or I may terminate my employment at any time, for any reason, either with, or without, cause, and that my "at-will" status may be modified only in a writing signed by the President of the Company.

12. **Entire Agreement.** This Agreement contains the final and complete expression and agreement between Company and me with respect to the subjects covered hereby. Oral representations or agreements made before or after my employment do not alter this Agreement.

13. **Amendments.** Any amendments to this Agreement shall be in writing and shall be signed by both parties.

14. **Severability.** If any term or provision, or portion of this Agreement, is declared void or unenforceable, it shall be severed, and the remainder of this Agreement shall be enforceable. The arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including, but not limited to, any Claim that all, or any part, of this Agreement is void or voidable; except that any determination as to the enforceability of the class/collective and representative action waiver shall be made solely by a court of competent jurisdiction, as defined in Sections 4 and 15 herein.

15. **Governing Law.** This Agreement shall be governed by, construed, and enforced pursuant to the procedural and substantive provisions of the laws of the State of New York, specifically Article 75 of the New York Civil Practice Law and Rules, and not the Federal Arbitration Act, 9 U.S.C. § 1 et seq (the "FAA"). In the event either of the parties bring an action in a court to compel arbitration under this Agreement, or to otherwise challenge any provision of this Agreement, such actions shall be brought only in state court, in the court location nearest my home or where the injury giving rise to the Claim(s) upon which arbitration is sought occurred, pursuant to the jurisdiction and venue provisions of Section 4 herein. In the event such court finds that this Agreement is not governed by the laws of the State of New York, this Agreement shall be governed by, construed, and enforced pursuant to the procedural and substantive provisions of the laws of the State in which the court sits, and not the FAA.

16. **Headings.** The headings in this Agreement are inserted for convenience only, and do not affect the meaning or interpretation of this Agreement, or any provision hereof.

17. **Successors and Assigns.** This Agreement will be binding upon, and inure to the benefit of, Company, me and our respective heirs, executors, administrators, representatives, successors and assigns.

<div align="center">(Signature page to follow.)</div>

**IMPORTANT**

I understand this Agreement contains an agreement to arbitrate. Except as otherwise provided herein after signing this document, I understand I will not be able to bring a lawsuit concerning any dispute that may arise, which is covered by this arbitration agreement. Instead, I agree to submit any such dispute to an impartial arbitrator." I acknowledge that I have received and read, or have had the opportunity to read, this arbitration agreement. I understand that this arbitration agreement requires disputes that involve matters subject to the agreement be submitted to mediation or arbitration pursuant to the arbitration agreement rather than to a judge and jury in court.

I agree that I have been given a reasonable opportunity to read this Agreement carefully. I have read it, I understand it, and I am signing it voluntarily. I have not been promised anything for signing it that is not described in this Agreement. Company informed me of my right to discuss this Agreement with an attorney of my choosing, prior to signing it.

Dated this __8th__ day of __August__, 20__24__.

Employee/Applicant                              Company

Signature: _{signature}_                        Signature: _Jasmine Archie_

Print: _Tyler Watts_                            Print: _Jasmine Archie_

## ADDENDUM TO ARBITRATION AGREEMENT

The following provisions, as applicable to me, the Company Employee/Applicant (referred to as "I" or "me"), shall form part of the Arbitration Agreement (the "Agreement") between me and 10 ROADS Express, LLC (referred to as "Company"):

1. **CALIFORNIA RESIDENT**: I hereby acknowledge that I reside in California, and pursuant to Ca. Bus. & Prof. § 467.4, I agree that it is the intention of both me and the Company that any arbitrator's decision, agreement entered into with the assistance of an arbitrator, or award resulting from arbitration shall be admissible as evidence and enforceable in any court having jurisdiction

2. **MONTANA RESIDENT**: I hereby acknowledge that I reside in Montana, and pursuant to Mont. Code Ann. § 27-5-323, I agree that any arbitration sought or conducted pursuant to the Agreement must occur at an American Arbitration Association facility located within the State of Montana, or if no such facility exists, at a location within the State of Montana agreed upon by me and the Company. If the parties are not able to agree on a location for arbitration, the Company shall provide a list of five or more rentable conference rooms nearest my home, and the parties will take turns striking locations from the list of conference rooms. I will strike the first location, then Company, until only one conference room remains. The last remaining conference room shall be the location for arbitration.

3. **NEW JERSEY RESIDENT**: I hereby acknowledge that I reside in New Jersey, and pursuant to N.J.S.A. 2A:23A-2, I agree that it is my intention to resolve Claim(s), as defined in the Agreement, pursuant to the Agreement and The New Jersey Alternate Procedure for Dispute Resolution Act, N.J.S.A. 2A:23A-1 et. seq.

This Addendum supplements, revokes and/or supersedes any inconsistent provisions of the Agreement.

Employee/Applicant                                           Company

Signature: _*Tyler Watts*_____          Signature: _*Jasmine Archie*_____

Print: _Tyler Watts_____              Print: _*Jasmine Archie*_____

<div style="float:right;border:1px solid black;padding:4px;">**EXHIBIT B**</div>

# ARBITRATION AGREEMENT

In consideration of my employment with 10 ROADS Express, LLC (referred to as "Company"), and my receipt of compensation now and hereafter paid to me by Company, I, the Company Employee/Applicant, who signs this Arbitration Agreement ("Agreement") below (referred to as "I" or "me"), agree to the following:

**1.    Recitals.**

1.1    While I am employed by Company, or thereafter, or during any pre-hire processes, disputes may arise between Company and me, related to my employment, application for employment, or other matters that may arise after conclusion of my employment. By entering into this Agreement, both Company and I anticipate we will benefit by resolving these disputes through a fair and impartial procedure that is, in most cases, faster and less expensive than civil litigation.

1.2    References to "Company" in this Agreement include the company listed in the first paragraph of this Agreement and all its direct, or indirect, subsidiaries, affiliates, and parent companies, together with all benefit plans of Company and the sponsors, fiduciaries and administrators of such benefit plans.

**2.    Claims Covered by This Agreement.**

2.1    Except as described in 2.2 below, this Agreement applies to all disputes between Company and me, all claims Company may have against me, and all claims I may have against Company, or any of its officers, directors, employees or agents, arising out of my employment with Company, or after it has ended, or during any pre-employment processes in which I may participate (referred to as "Claim(s)"). Claims covered by this Agreement include, but are not limited to, the following: Claims for breach of express or implied contract or covenant; breach of fiduciary duty; misappropriation of trade secrets; Claims for the commission of any intentional or negligent tort; Claims for any violation of any federal, state or local law, ordinance, regulation or rule; Claims for wages, benefits or other compensation due; Claims for wrongful termination, demotion or disciplinary action; and Claims of discrimination or harassment for any reason.

2.2    This Agreement does not apply to the following Claims: Claims for worker's compensation or unemployment compensation benefits; Claims or charges before any administrative agency having jurisdiction there over, if private dispute resolution procedures cannot lawfully be compelled as to such Claims, such as a petition or charge that could be brought before the National Labor Relations Board; Claims for benefits under a plan that specifies a claim procedure inconsistent with this Agreement; or any other claim that is not subject to arbitration under state or federal law.

**3.    Resolution of Claims: Exclusive Method.** All Claims must be resolved according to the procedures in this Agreement, and in no other manner. Neither Company, nor I, will file or prosecute any lawsuit, except as expressly permitted by this Agreement. Either Company or I may bring an action in any court of competent jurisdiction, as defined in Sections 4 and 15 herein, to compel arbitration under this Agreement. The parties agree that, except where prohibited by federal or state law, all Claims subject to this Agreement must be pursued on an individual basis only. By entering this Agreement, the parties waive their right to commence, or be a party to, any class, collective or representative action, or to bring any Claim jointly or collectively, and the arbitrator has no authority to proceed with arbitration on such a basis. Any disputes concerning the validity of this multi-plaintiff, class, collective and representative action waiver will be decided by a court of competent

1

jurisdiction, as defined in Sections 4 and 15 herein, not by the arbitrator. In the event a court determines this waiver is unenforceable with respect to any claim, then this waiver shall not apply to that claim. That specific Claim must be filed in a court of competent jurisdiction, as defined in Sections 4 and 15 herein, and such court shall be the exclusive forum for that claim. In addition, nothing herein limits my right, and the rights of others collectively to challenge the enforceability of this agreement, including the class/collective action waiver.

I have read and understand the provisions set forth in this Section:

__MM__  Employee/Applicant     *JH* Company

**4.    Jurisdiction and Venue.** In the event either of the parties bring an action in a court to compel arbitration under this Agreement, or to otherwise challenge any provision of this Agreement, such action(s) shall be brought only in the state court, in the court location nearest my work reporting location. In addition, I hereby consent to the exclusive jurisdiction and venue of the state court specifically sitting in the city nearest my work reporting location.

**5.    Rights under the National Labor Relations Act ("NLRA")**. I understand this Agreement is not intended to interfere with my rights to collectively bargain or to exercise other rights protected under the NLRA.

**6.    Internal Complaint Procedure**. I understand that, before commencing arbitration under this Agreement, I may attempt to resolve a Claim through the Company's internal complaint procedures that are in place at the time my Claim arises.

**7.    Arbitration**. Claims must be resolved through final and binding arbitration conducted with the American Arbitration Association ("AAA") at an AAA facility, within a reasonable distance of the Company office closest to my work reporting location at the time the Claim(s) arise(s). The arbitration shall be administered in conformity with the then existing Employment Arbitration Rules and Mediation Procedures of the AAA, which may be found at www.adr.org/employment.

**8.    Arbitration Procedures.**

8.1    Any demand for arbitration by either Company or I shall be served and filed within the statute of limitations applicable to the Claim(s) upon which arbitration is sought or required. Any failure to demand arbitration within this timeframe, and according to these rules shall constitute a waiver of all rights to raise any claims in any forum, arising out of any dispute that was subject to arbitration to the same extent such claims would be barred if the matter proceeded in court (along with the same defenses to such Claims). Thereafter, each party is expected to respond within thirty (30) calendar days to each communication regarding the selection of an arbitrator and the scheduling of a hearing. Either party may, in conjunction with the initiation of any arbitration proceeding or motion to compel arbitration, seek provisional relief from any court of competent jurisdiction, as defined in Sections 4 and 15 herein, consistent with applicable federal or state law. Such provisional relief shall be available only to preserve the status quo and to avoid irreparable injury pending appointment of the arbitrator. Thereafter, following appointment of the arbitrator, all matters, including the issuance of further provisional and/or injunctive relief, shall be within the jurisdiction of the mutually-selected, neutral arbitrator.

8.2     The parties shall select a mutually-agreeable, neutral arbitrator (who shall be a retired judge). If the parties are not able to agree on a neutral arbitrator, Company and I will obtain a list of employment arbitrators (who shall be retired judges) from AAA, and the parties will take turns striking names from the list of arbitrators. I will strike the first name, then Company, until only one name remains. The last remaining person shall be the arbitrator. The arbitrator mutually chosen by the parties shall be asked to disclose any conflicts of interest pertaining to the specific Claim(s) under dispute. In the event the arbitrator has an interest in the potential outcome of the dispute, the parties shall either mutually agree to continue with the arbitrator selected or choose an alternate arbitrator that is mutually acceptable to both parties.

8.3     The parties agree that the arbitrator shall be bound by the law applicable to the Claim(s) asserted by either party and/or any defenses thereto and shall have jurisdiction to award all relief available in law or equity that is requested by the parties and supported by credible, relevant and admissible evidence.

8.4     Each party may conduct discovery to the full extent as would be allowed in civil litigation in court in accordance with the Federal Rules of Civil Procedure, subject only to limitation by the arbitrator upon motion of the other party on the ground that limitation of such discovery is necessary to protect the party from waiver of privilege, unwarranted annoyance, embarrassment, oppression, or undue burden or expense.

8.5     The arbitrator shall issue a written decision that will reveal the essential findings and conclusions upon which the award is based. The decision of the arbitrator shall be final, conclusive and binding on the parties. Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The arbitrator's award shall be subject to correction, confirmation, or vacation, only as provided by applicable law governing judicial review of arbitration awards.

**9.     Legal Representation.** In any arbitration proceeding under this Agreement, both Company and I may be represented by legal counsel of our own choosing. Each of us will be responsible for the fees of our own counsel, provided that an arbitrator may award attorneys' fees to the prevailing party under any applicable statute or written agreement to the same extent attorneys' fees could be awarded in litigation.

**10.    Request to Opt-Out.** I understand I may opt-out of this Agreement by providing a written request to rescind to the Company within thirty (30) days of signing this Agreement. Such request must be sent by certified mail to the following address: Attn: Human Resources, 200 Owen Parkway Cir, Carter Lake, IA 51510.

**11.    No Employment Contract.** This Agreement is not, and does not create, any contract of employment, express or implied. I acknowledge that, if I am employed by Company, my employment shall be "at-will," that is, Company or I may terminate my employment at any time, for any reason, either with, or without, cause, and that my "at-will" status may be modified only in a writing signed by the President of the Company.

**12.    Entire Agreement.** This Agreement contains the final and complete expression and agreement between Company and me with respect to the subjects covered hereby. Oral representations or agreements made before or after my employment do not alter this Agreement.

**13.    Amendments.** Any amendments to this Agreement shall be in writing and shall be signed by both parties.

3

**14.     Severability.** If any term or provision, or portion of this Agreement, is declared void or unenforceable, it shall be severed, and the remainder of this Agreement shall be enforceable. The arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including, but not limited to, any Claim that all, or any part, of this Agreement is void or voidable; except that any determination as to the enforceability of the class/collective and representative action waiver shall be made solely by a court of competent jurisdiction, as defined in Sections 4 and 15 herein.

**15.     Governing Law.** This Agreement shall be governed by, construed, and enforced pursuant to the procedural and substantive provisions of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and not individual state laws regarding enforcement of arbitration agreements or otherwise. In the event either of the parties bring an action in a court to compel arbitration under this Agreement, or to otherwise challenge any provision of this Agreement, such actions shall be brought only in state court, in the court location nearest my work reporting location, pursuant to the jurisdiction and venue provisions of Section 4 herein.

**16.     Headings.** The headings in this Agreement are inserted for convenience only, and do not affect the meaning or interpretation of this Agreement, or any provision hereof.

**17.     Successors and Assigns.** This Agreement will be binding upon, and inure to the benefit of, Company, me and our respective heirs, executors, administrators, representatives, successors and assigns.

(Signature page to follow.)

4

104.0319.01

**IMPORTANT**

**I understand this Agreement contains an agreement to arbitrate. After signing this document, I understand I will not be able to bring a lawsuit concerning any dispute that may arise, which is covered by this arbitration agreement, unless it involves a question of constitutional or civil rights. Instead, I agree to submit any such dispute to an impartial arbitrator." I acknowledge that I have received and read, or have had the opportunity to read, this arbitration agreement. I understand that this arbitration agreement requires disputes that involve matters subject to the agreement be submitted to mediation or arbitration pursuant to the arbitration agreement rather than to a judge and jury in court.**

**I agree that I have been given a reasonable opportunity to read this Agreement carefully. I have read it, I understand it, and I am signing it voluntarily. I have not been promised anything for signing it that is not described in this Agreement. Company informed me of my right to discuss this Agreement with an attorney of my choosing, prior to signing it.**

Dated this __8th__ day of __November__, 20__24__.

Employee/Applicant                                            Company

Signature: _____          Signature: _____*Jasmine Archie*_____

Print: __Mark Moore__                                    Print: __Jasmine Archie__

5

104.0319.01